**Clifford TEMPLETON, Appellant,**

**v.**

**FED-MART OF TEXAS INCORPORATED et al., Appellees.**

**No. 4259.**

Court of Civil Appeals of Texas.

Waco.

Oct. 1, 1964.

M. S. Morgan, Houston, for appellant.

Baker, Botts, Shepherd & Coates, Geo. H. Kolb, Houston, for appellees.

WILSON, Justice.

Plaintiff appeals from a summary judgment.

Appellant alleged he was an employee of Fed-Mart, and that Equitable Life Assurance Society issued to him a certificate of insurance under Fed-Mart's group medical expense policy, on which monthly premium payments were to be made by Fed-Mart from funds withheld from his salary. He alleged premium payments were so withheld for the months of February and March, 1963, that he resigned his employment on March 8, 1963, and thereafter incurred hospital and medical expenses for treatment of his wife which Fed-Mart and Equitable were obligated to pay "under the extended benefits provisions" of the policy.

Appellees' motion for summary judgment and affidavits asserted the provisions of the group policy as to "individual terminations"

to the effect that insurance under the group policy should cease automatically upon termination of employment, and averred that appellant's coverage under the group policy began January 13, 1963.

Appellant's answer to the motion for summary judgment urged policy provisions not now relied on, and reasoning now abandoned. Appellant here relies on a clause in the conversion privilege provision of the policy which permitted an employee to obtain an individual converted policy after termination of employment by making written application therefor.

Aside from the fact there is no showing of application for the converted policy, the conversion privilege clause relied on was conditioned, among other prerequisites, upon the employee having "been insured under this policy for at least three months" at the time of termination of his employment. The record establishes without dispute that appellant had not been insured for the required period.

Affirmed.